IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON WILLIAM BRAXTON, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>A.P. KANE, Warden, )<br>)<br>Respondent. )<br>)<br>_____ ) | No. C 05-2572 JSW (PR)<br><br>**ORDER TO SHOW CAUSE AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(Docket no. 3) |

## INTRODUCTION

Petitioner, a prisoner of the State of California incarcerated at the Correctional Training Facility at Soledad ("CTF"), has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 and a motion for leave to proceed *in forma pauperis*. Venue is proper because Petitioner challenges the execution of his sentence and he is incarcerated in Monterey county, which is located in this judicial district. *See* 28 U.S.C. § 2241(d), Habeas L.R. 2254-3(a). This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

In the present petition Petitioner alleges that state prison officials have computed the time credits to which he is entitled improperly, resulting in the miscalculation of his release date. Specifically, Petitioner maintains that he is entitled to be released on May 25, 2006, while prison officials say that he is not eligible for release until October 11, 2006. Petitioner alleges that he pursued his administrative appeals to the third level of

review on this matter and sought state habeas corpus relief.  The California Supreme Court summarily denied his petition on June 8, 2005.

## DISCUSSION

### I. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### II. Legal Claims

Improper computation of a state prisoner's time credits states a claim for the denial due process, *see Haygood v. Younger*, 769 F.2d 1350, 1355-58 (9th Cir. 1985) (en banc), *cert. denied*, 478 U.S. 1020 (1986), which may be remedied by way of a petition for a writ of habeas corpus, *see Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990), *cert. denied*, 498 U.S. 1126 (1991); *accord Toussaint v. McCarthy*, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987).

As it does not appear from the face of the petition that Petitioner is not entitled to relief Respondent shall show cause why the petition should not be granted.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The motion to proceed *in forma pauperis* is GRANTED.  (Docket no. 3.)

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)**

days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: Jan. 12, 2006

JEFFREY S. WHITE
United States District Judge

3