IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PRESTON WILLIAM BRAXTON, JR., )    No. C 05-2572 JSW (PR)
                               )
      Petitioner,              )    **ORDER DENYING PETITION FOR**
                               )    **WRIT OF HABEAS CORPUS**
  vs.                          )
                               )
A.P. KANE, Warden,             )
                               )
      Respondent.              )
                               )
_____)

    Petitioner, a prisoner of the State of California, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the computation of his release date. Respondent filed an answer, exhibits and a supporting memorandum. Petitioner has filed a traverse. This order denies the petition.

## BACKGROUND

    In the present petition Petitioner alleges that state prison officials have computed the time credits to which he is entitled improperly, resulting in the miscalculation of his release date. Specifically, Petitioner maintains that he was entitled to be released on May 25, 2006. Prison officials, however, found that was not eligible for release until September 11, 2006.[1] (Respondent's Exh. C.)

---

[1] The prison form for calculation Petitioner's release date originally set the date at October 11, 2006, but the date was changed to September 11, 2006. (Resp. Ex. C.)

On February 25, 1996, Petitioner was convicted of first degree burglary under California Penal Code § 459, with a 5-year sentence enhancement under California Penal Code § 667(A).  He was sentenced to a term of 13 years in state prison.  The California Department of Corrections ("CDC") calculated his release date by adding 13 years to December 3, 1996, the date the CDC received Petitioner.  (Resp. Ex. C.)  The CDC then subtracted 412 days of credit for his time served prior to CDC custody, and 10 days of credit for his time in CDC custody, producing a release date of October 7, 2008.  (*Id.*)  The good conduct credits available to Petitioner were then calculated by dividing the 4326 days Petitioner had to serve in CDC custody by five; Petitioner could earn up to 865 days of credits, and be released on May 26, 2006, if he engaged in good behavior.  (*Id.*)  On Jude 4, 2000, Petitioner was found guilty of engaging in mutual combat and forfeited 90 days of good time credits.  (Resp. Ex. D.)  Although Petitioner could have had these 90 days restored if he remained discipline-free for six months, on July 21, 2000, Petitioner was found guilty of refusing to work.  (Resp. Ex. E.)  Thus, the 90 days of good time credits were not restored, and after adding these 90 days, Petitioner's release date was set at September 11, 2006.  (Resp. Ex. C.)

Petitioner alleges that he pursued his administrative appeals to the third level of review on this matter and sought state habeas corpus relief in the state courts.  The California Supreme Court summarily denied his petition on June 8, 2005.

## DISCUSSION

Respondent argues that the petition is untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996, and imposed for the first time a statute of limitations on federal petitions for a writ of habeas corpus filed by state prisoners.  Section 2244's one-year limitation period applies to all habeas petitions

---

Petitioner may thus currently be out of prison, but the parties have not informed the Court of Petitioner's incarceration status.

filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). For prisoners challenging administrative decisions such as the computation of time credits, § 2244(d)(1)(D) applies and the one-year limitations period begins to run on the date the "factual predicate" for the claim could have been discovered by due diligence. *Id.* at 1066 (for claim for revocation of time credits, limitation period began to run the day after petitioner received timely notice of denial of administrative appeal challenging such revocation); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (for claim challenging denial of parole, limitations period began to run when parole board denied prisoner's administrative appeal challenging denial of parole).

Here, Petitioner's claim is that the CDC improperly calculated his release date as September 11, 2006. The CDC calculated such a release date on September 13, 2000. (Resp. Ex. C.) Petitioner does not assert, nor is there any indication in the record, that there was any delay in his access to, or his ability to discover, the CDC's calculation form. Thus, the "factual predicate" for Petitioner's claim "could have been discovered by due diligence" on September 13, 2000. *See* 28 U.S.C. § 2244(d)(1)(D). The limitation period expired one year later, on September 13, 2001. Although a prisoner challenging an administrative decision does, however, receive statutory tolling under § 2244(d)(2) for the period when state habeas petitions are pending, *Redd*, 373 F.3d at 1084, Petitioner did not challenge the calculation of his time credits and release date in a state habeas petition until December 2004, over three years after the limitation period expired. (Resp. Ex. G.) Thus, the petition must be denied as untimely.[2]

---

[2] Petitioner does not argue, nor is there any indication in the record, that he is entitled to equitable tolling. In light of the conclusion that the petition is untimely, the Court need not reach Respondent's alternative arguments.

3

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The Clerk shall close the file and enter judgment in accordance with this order.

IT IS SO ORDERED.

DATED: June 13, 2008

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

BRAXTON,

        Plaintiff,

  v.

KANE et al,

        Defendant.

Case Number: CV05-02572 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 13, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Preston William Braxton
K31710
720 South Locust Circle
Compton, CA 90221

Dated: June 13, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk